| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **Christopher Hewitt, Esq. 236568**<br>**Law Office of Christopher Hewitt**<br>**74361 Highway 111, Suite 7**<br>**Palm Desert, CA 92260**<br>**760.459.2438 Fax: 877.241.6366**<br>**236568 CA**<br>Hewittesq@yahoo.com | |

☐ Debtor appearing without attorney
☑ Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Chris Dennis**<br>**Ami Dennis** | CASE NUMBER: **6:19-bk-20007-MH**<br><br>CHAPTER 13 |
|---|---|

| | **DEBTOR'S NOTICE OF (1) 11 U.S.C. SECTION 341(a) MEETING OF CREDITORS, AND (2) HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MODIFICATION OF SECURED CLAIM(S) BY PLAN, WITH COPY OF CHAPTER 13 PLAN** |
|---|---|

**SECTION 341(a) MEETING OF CREDITORS:**
DATE: **12/18/19**
TIME: **10:00AM**

**PLAN CONFIRMATION HEARING:**
DATE: 1/30/20
TIME: 11:00AM

**DEADLINE FOR OBJECTIONS TO PLAN\*:    1/16/20**
(\*Debtor(s) must give at least 21 days' notice of response deadline and 35 days' notice of confirmation hearing. This notice initially must be served at least 14 days before the date first set for the 341(a) meeting. FRBP 2002(a)(9)&(b)(3), 3015(f), LBR 3015-1(b)(3), (d)(1) & (g)(1).)

Debtor(s).

## NOTICE TO ALL CREDITORS AND OTHER INTERESTED PARTIES:

1.  Debtor will seek approval of the attached Chapter 13 Plan (Plan) at the hearing listed above.

2.  **ATTENTION: CREDITORS LIENHOLDERS LISTED ON EXHIBIT B <u>ONLY</u>: The Plan proposes to modify your secured claims**

> *"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
> *"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**and liens <u>without</u> a separate motion.** The Plan itself serves as that motion. Please note:(1) evidence (lien priorities, dollar amounts, etc.) must be attached to the copy of this notice served on you (not the copy served on everyone else), and (2) this notice and all exhibits must be served on you in compliance with FRBP7004. If you contest modification of your lien then you must file a written response (with any required evidence) by the deadline stated above, and appear at the preliminary hearing listed above. At the initial Plan confirmation hearing the judge may determine whether the proposed modification of your secured claim is permissible, or may set a continued hearing, which may be an evidentiary hearing if there are material undecided factual issues.

3.    Debtor and Attorney for Debtor are required to appear at the 11 U.S.C. Section 341(a) meeting of creditors; and all other interested parties are invited, but not required to attend.

4.    You should read these papers carefully and discuss them with your attorney, if you have one. (*If you do not have an attorney, you may wish to consult one.*)

**SECTION 341(A) MEETING LOCATIONS:**

☐ 915 Wilshire Boulevard, 10th Floor, Room 1, Los Angeles, CA
☐ 411 West Fourth Street, 1st Floor, Room 1-154, Santa Ana, CA
☐ 21041 Burbank Boulevard, 1st Floor, Suite 100, Woodland Hills, CA
☐ 1415 State Street, 1st Floor, Room 148, Santa Barbara, CA
☑ 3801 University Avenue, 1st Floor, Room 101, Riverside, CA

**PLAN CONFIRMATION HEARING LOCATION:**

☐ 255 East Temple Street, Los Angeles, CA          ☐ 411 West Fourth Street, Santa Ana, CA
☐ 21041 Burbank Boulevard, Woodland Hills, CA      ☐ 1415 State Street, Santa Barbara, CA
☑ 3420 Twelfth Street, Riverside, CA
Courtroom:    **303**    Floor:    **3rd**

**OBJECTIONS TO PLAN:** If you object to the confirmation of the Chapter 13 Plan, you must file your objection in writing with the court and serve a copy of it on Debtor, the Attorney for Debtor, and the Chapter 13 Trustee before the deadline set forth above. Unless you timely file a written objection to the plan and appear at the Plan confirmation hearing, the court may treat your failure to do so as a forfeiture or waiver of your right to object to the Plan, and may approve the Plan.

**APPEARANCES OF THE DEBTOR AND ATTORNEY FOR DEBTOR ARE REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE CONFIRMATION HEARING.** If the Chapter 13 Trustee determines at the Section 341(a) meeting that the case is ready for Plan confirmation, the Chapter 13 Trustee may, but is not required to, stipulate that Debtor and counsel are excused from appearance at the Plan confirmation hearing (if the assigned judge permits the Chapter 13 Trustee to waive appearances). If the Chapter 13 Trustee determines at the Section 341(a) meeting that the case is NOT ready for Plan confirmation, the Chapter 13 Trustee may, but is not required to, continue the Section 341(a) meeting and/or to request the court to continue the Plan confirmation hearing to a later date. **Unexcused failure by the Debtor to appear at either the Section 341(a) meeting or the Plan confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on being a debtor in any bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g), or other remedies pursuant to applicable law.**

Date:    **November 19, 2019**                          /s/ Christopher Hewitt,
                                                         Signature of Debtor or attorney for Debtor

                                                         **Law Office of Christopher Hewitt**
                                                         Print name of law firm (if applicable)

**Attachments:**
**Exhibit A:** copy of Plan
**Exhibit B: Creditor Lienholders** (the Plan proposes to modify your secured claims <u>without</u> a separate motion)
**Exhibit C: Valuation evidence** (to be attached <u>only</u> to the copy of this notice served on affected creditor lienholders)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                          Page 2      **F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM**

**EXHIBIT A**
*(copy of Plan)*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 3        **F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM**

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br>**Christopher Hewitt, Esq. 236568**<br>**Law Office of Christopher Hewitt**<br>**74361 Highway 111, Suite 7**<br>**Palm Desert, CA 92260**<br>**760.459.2438 Fax: 877.241.6366**<br>**236568 CA**<br>**Hewittesq@yahoo.com** | FOR COURT USE ONLY |
| ☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br>  **Chris Dennis**<br><br>  **Ami Dennis**<br>    **AKA Live Well Finance**<br><br><br><br><br><br><br><br>                           Debtor(s). | CASE NUMBER: 6:19-bk-20007-MH<br><br>CHAPTER 13<br><br>**CHAPTER 13 PLAN**<br>☑ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ _____ Amended*<br><br>*list below which sections have been changed:<br><br>[FRBP 3015(b); LBR 3015-1]<br>**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>**Date:** 12/18/19<br>**Time:** 10:00AM<br>**Address:** 3801 University Avenue, Rm. 101<br>          Riverside, California 92501<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>**Date:** 1/30/20<br>**Time:** 11:00AM<br>**Address:** 3420 Twelfth Street, Crtrm. 303<br>          Riverside, California 92501 |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code. "FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

## Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                            Page 1                       **F3015-1.01.CHAPTER13.PLAN**

TO ALL CREDITORS: This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

## PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. See LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

    **1.1**  **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
        ☑ Included    ☐ Not included

    **1.2**  **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
        ☐ Included    ☑ Not included

    **1.3**  **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
        ☐ Included    ☑ Not included

    **1.4**  **Other Nonstandard Plan provisions, set out in Section IV:**
        ☑ Included    ☐ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

## Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

## Section I. PLAN PAYMENT AND LENGTH OF PLAN

    A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

        Payments by Debtor of:
        $ 2,756.00 _____ per month for months 1 _____ through 60 _____ totaling $ 165,360.00 ____
        For a total plan length of 60 months totaling $165,360.00.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*        Page 2        **F3015-1.01.CHAPTER13.PLAN**

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $88,252.00.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

   a. ☑ **"Percentage" plan:** 0% of the total amount of these claims, for an estimated total payment of $52.28.

   b. ☐ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $52.28 and 0% to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

   (a) the sum of $13.50, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

   (b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $____, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless this Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E.  Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.  Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 3                        F3015-1.01.CHAPTER13.PLAN

ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G. The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

H. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K. Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

### A. ORDER OF PAYMENT OF CLAIMS:

**1st**    If there are Domestic Support Obligations, the order of priority will be:

  (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

  (b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

  (a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

  (b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**    Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan..

**3rd**    Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

### B. CLASSIFICATION AND TREATMENT OF CLAIMS:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                      Page 4                          F3015-1.01.CHAPTER13.PLAN

## CLASS 1

### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| a.  Administrative Expenses | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2)    Attorney's Fees | $3,600.00 | | $3,600.00 |
| (3)    Chapter 7 Trustee's Fees | | | |
| (4)    Other | | | |
| (5)    Other | | | |
| b.  Other Priority Claims | | | |
| (1)    Internal Revenue Service | | | |
| (2)    Franchise Tax Board | | | |
| (3)    Domestic Support Obligation | | | |
| (      )    Other | | | |
| c.  Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) | | | |
| *(specify creditor name):* | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page  5                            F3015-1.01.CHAPTER13.PLAN

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| AmeriHome Mortgage | xxxxxxxxx3328 | $18,821.00 | 0.00% | $313.68 | $18,820.80 | ☐ Trustee ☑ Debtor |
| Caliber Home Loans | xxxxxx5326 | $10,338.00 | 0.00% | $172.30 | $10,338.00 | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☑ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                    Page 6                    F3015-1.01.CHAPTER13.PLAN

(a) Bifurcated claims – secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| Infiniti Financial Services | xxxxxxxxxxx0001 | $44,458.00 | $24,000.00 | 5.50 | $458.43 | $27,505.66 |

☐ See attachment for additional claims in Class 3B.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified in this Plan. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 7                    **F3015-1.01.CHAPTER13.PLAN**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|

contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | ONGOING PAYMENT DISBURSING AGENT |
| | | | | | | Trustee Debtor |

☐ See attachment for additional claims in Class 3C.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☑ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle    acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Ally Financial | xxxxxxxx5406 | $44,230.00 | 5.50 | $844.84 | $50,690.40 |
| Capital One Auto Finance | xxxxxxxxxxxx x1001 | $16,515.00 | 5.50 | $315.46 | $18,927.27 |
| Mission Lakes Country club | | $3,698.00 | 12.00 | $82.26 | $4,935.59 |
| Mountain view country | | $588.00 | 12.00 | $13.08 | $784.80 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page  8                        F3015-1.01.CHAPTER13.PLAN

☐ See attachment for additional claims in Class 3D.

| CLASS 4 |
|---|

**OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE
AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,
WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)**

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| PHH Mortgage Servicing | xxxxxxxxx8834 | $13,318.00 | 0 | $221.97 | $13,318.00 | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 4.

| CLASS 5A |
|---|

**NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED**
Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

**SEPARATE CLASSIFICATION:**
*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*
☑ **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                                    Page 9                                    F3015-1.01.CHAPTER13.PLAN

## CLASS 5B

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

## CLASS 5C

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

☐ See attachment for additional claims in Class 5.

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☑ **Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim.** Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

| Creditor Name: | Description: |
|---|---|
| Equlant/Thousand Trails | starpoint resort points |
| La Loma Fed Credit Uni | 2017 Polaris Razor |
| Randys Auto Sales | 2015 Nissan altima 50000 miles |
| Syncb/Polaris Consumer | 2017 Polaris 110<br>2 polaris quads 110  and a 16 foot dual axl trailer |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                          Page 10                          F3015-1.01.CHAPTER13.PLAN

☐ See attachment for additional claims in Class 6.

| CLASS 7 |
|---|

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES
Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

Creditor Name: _____

Description: _____
        ☐ Rejected                    ☐ Assumed; cure amount (if any): $ _____
                                to be paid over _____ months

Creditor Name: _____

Description: _____
        ☐ Rejected                    ☐ Assumed; cure amount (if any): $ _____
                                to be paid over _____ months

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

## Section III. PLAN SUMMARY

| | |
|---|---|
| **CLASS 1a** | $3,600.00 |
| **CLASS 1b** | $0.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $29,158.80 |
| **CLASS 3B** | $27,505.66 |

| | |
|---|---|
| **CLASS 3C** | $0.00 |
| **CLASS 3D** | $75,338.06 |
| **CLASS 4** | $13,318.00 |
| **CLASS 5A** | $52.28 |
| **CLASS 5C** | $0.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 11                    F3015-1.01.CHAPTER13.PLAN

| CLASS 7 | $0.00 |
|---|---|
| SUB-TOTAL | $148,972.80 |
| CHAPTER 13 TRUSTEE'S FEE<br>(Estimated 11% unless advised otherwise) | $16,387.20 |
| TOTAL PAYMENT | $165,360.00 |

## Section IV. NON-STANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is **ineffective**. A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.

☐ A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.): _____

_____

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.): _____

_____

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.): _____

_____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☑ C. Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien. Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding – this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*          Page 12          F3015-1.01.CHAPTER13.PLAN

## DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER**      Infiniti Financial Services

☐      Real property collateral (street address and/or legal description or document recording number, including county of recording):

_(attach page with legal description of property or document recording number as appropriate)._

☑      Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):
2017 Infiniti Q70L 47000 miles

☐      11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐      11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

☐      (1) discharge under 11 U.S.C. § 1328, or

☐      (2) Upon completion of all Plan payments.

Value of collateral: ................................................................................................. $ 24,000.00
Liens reducing equity (to which subject lien can attach): $ **0.00**      + $ ____ + $ ____ = .. ($  0.00      )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):.................................  0.00      )
($

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable.** (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)

Amount of remaining secured claim (negative results should be listed as $-0): ........................... $ 24,000.00

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

## DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER**

☐      Real property collateral (street address and/or legal description or document recording number, including county of recording):

_(attach page with legal description of property or document recording number as appropriate)._

☐      Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                              Page 13                              F3015-1.01.CHAPTER13.PLAN

☐    11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐    11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(1) discharge under 11 U.S.C. § 1328, or

(2) Upon completion of all Plan payments.

Value of collateral: ..................................................................................................... $ _____
Liens reducing equity (to which subject lien can attach): $ _____ + $ ____ + $ ____ = .. ($ _____ )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):.................................... = ($ _____ )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)**

Amount of remaining secured claim (negative results should be listed as $-0): ............................ $ _____

*Note:* See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

D. **Other Non-Standard Plan Provisions** (*use attachment, if necessary*): **Debtor surrenders her interest in the Nissan Altima, and grants Relief from the Automatic Stay to Randy's Auto Finance. Debtor's Daughter will continue to make payments on the loan as a legally obligated co-signer to the note.**

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                        Page 14                                        **F3015-1.01.CHAPTER13.PLAN**

Date:    November 12, 2019

/s/ Christopher Hewitt, Esq.
Christopher Hewitt, Esq. 236568
Attorney for Debtor

/s/ Chris Dennis
Chris Dennis
Debtor 1

/s/ Ami Dennis
Ami Dennis
Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                              Page 15                                    F3015-1.01.CHAPTER13.PLAN

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
### (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☑ **None.** *If "None" is checked, the rest of this Attachment A need non be completed.*

1. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 2nd Lien on 123 Main St.): _____

2. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 3rd Lien on 123 Main St.): _____

3. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 4th Lien on 123 Main St.): _____

4. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 2nd Lien on 456 Broadway): _____

5. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 3rd Lien on 456 Broadway): _____

6. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 4th Lien on 456 Broadway): _____

7. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 2nd Lien on 789 Crest Ave.): _____

8. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 3rd Lien on 789 Crest Ave.): _____

9. **Creditor Lienholder/Servicer:** _____
   Subject Lien (*e.g.,* 4th Lien on 789 Crest Ave.): _____

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date)   **November 12, 2019**

*Printed name:* **Christopher Hewitt, Esq. 236568**     *Signature:* **/s/ Christopher Hewitt, Esq.**
☑ Attorney for Debtor or   ☐ Debtor appearing without attorney

**EXHIBIT B**

*(This notice and Exhibit B are to be used only if the plan itself proposes to modify the rights of the following lienholders without a separate motion to value the collateral or avoid the lien. Do not list federal government lienholders. FRBP 3012.)*

---

**a. CREDITOR LIENHOLDER/SERVICER** (*list holder of this lien and servicer to the best knowledge of Debtor*):
Creditor Lienholder/Servicer:
☐  Real property collateral:
    Street address:
    And/or legal description or document recording number (*including county of recording*):

        ☐  See attached page for legal description of Property or document recording number.
☑  Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):
    **2017 Infiniti Q70L**

---

**b. CREDITOR LIENHOLDER/SERVICER** (*list holder of this lien and servicer to the best knowledge of Debtor*):
Creditor Lienholder/Servicer:
☐  Real property collateral:
    Street address:
    And/or legal description or document recording number (*including county of recording*):

        ☐  See attached page for legal description of Property or document recording number.
☐  Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

---

**c. CREDITOR LIENHOLDER/SERVICER** (*list holder of this lien and servicer to the best knowledge of Debtor*):
Creditor Lienholder/Servicer:
☐  Real property collateral:
    Street address:
    And/or legal description or document recording number (*including county of recording*):

        ☐  See attached page for legal description of Property or document recording number.
☐  Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

---

☐  MORE CREDITOR LIENHOLDERS LISTED ON ATTACHED CONTINUATION PAGE

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2017                                      Page 4        F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM

<u>EXHIBIT C</u>
(Evidence: lien priorities, relevant dollar amounts, and collateral value such as an appraisal, etc.)
(***Attach this exhibit <u>only</u> to the copy of this notice that is served on the creditor lienholders listed on Exhibit B***)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 5      **F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM**

Advertisement

# 2017 INFINITI Q70
# Pricing Report



**Style:** L 3.7 Sedan 4D
**Mileage:** 47,000

## Trade In To a Dealer



Trade-in Range
**$20,550 - $22,939**
Trade-in Value
**$21,745**

## Vehicle Highlights

Fuel Economy:
City 18/Hwy 25/Comb 21 MPG

Max Seating: 5

Doors: 4

Engine: V6, 3.7 Liter

Drivetrain: RWD

Transmission: Auto, 7-Spd Manual

EPA Class: Midsize Cars

Body Style: Sedan

Country of Origin: Japan

Country of Assembly: Japan

Valid for ZIP Code 92260 through 11/19/2019

## Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

**Engine**

V6, 3.7 Liter

**Transmission**

Auto, 7-Spd Manual

**Drivetrain**

RWD

**Accessory Packages**

Premium Pkg
Remote Trunk Release

**Braking and Traction**

Hill Start Assist Control
Traction Control
Vehicle Dynamic Control
ABS (4-Wheel)

**Comfort and Convenience**

Alarm System
Keyless Entry
Keyless Start
Air Conditioning
Power Windows
Power Door Locks
Cruise Control

**Steering**

Power Steering
Tilt & Telescoping Wheel

**Entertainment and Instrumentation**

AM/FM Stereo
CD/MP3 (Single Disc)
Bose Premium Sound
SiriusXM Satellite
Navigation System
Bluetooth Wireless

**Safety and Security**

F&R Parking Sensors
Backup Camera
Around View Monitor
Dual Air Bags
Side Air Bags
F&R Head Curtain Air Bags

**Seats**

Heated Seats
Cooled Seats
Dual Power Seats
Leather

**Roof and Glass**

Moon Roof

**Lighting**

LED Headlamps

**Exterior**

Fog Lights

Wheels and Tires

Alloy Wheels

✓ Black

# Glossary of Terms

**Kelley Blue Book® Trade-in Value** - This is the amount you can expect to receive when you trade in your car to a dealer. This value is determined based on the style, condition, mileage and options indicated.

**Trade-in Range** - The Trade-In Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week based on the style, condition, mileage and options of your vehicle when you trade it in to a dealer. However, every dealer is different and values are not guaranteed.

**Kelley Blue Book® Private Party Value** - This is the starting point for negotiation of a used-car sale between a private buyer and seller. This is an "as is" value that does not include any warranties. The final price depends on the car's actual condition and local market factors.

**Private Party Range** - The Private Party Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week for a vehicle with stated mileage in the selected condition and configured with your selected options, excluding taxes, title and fees when selling to a private party.

**Excellent Condition** - 3% of all cars we value. This car looks new and is in excellent mechanical condition. It has never had paint or bodywork and has an interior and body free of wear and visible defects. The car is rust-free and does not need reconditioning. Its clean engine compartment is free of fluid leaks. It also has a clean title history, has complete and verifiable service records and will pass safety and smog inspection.

**Very Good Condition** - 23% of all cars we value. This car has minor wear or visible defects on the body and interior but is in excellent mechanical condition, requiring only minimal reconditioning. It has little to no paint and bodywork and is free of rust. Its clean engine compartment is free of fluid leaks. The tires match and have 75% or more of tread. It also has a clean title history, with most service records available, and will pass safety and smog inspection.

**Good Condition** - 54% of all cars we value. This car is free of major mechanical problems but may need some reconditioning. Its paint and bodywork may require minor touch-ups, with repairable cosmetic defects, and its engine compartment may have minor leaks. There are minor body scratches or dings and minor interior blemishes, but no rust. The tires match and have 50% or more of tread. It also has a clean title history, with some service records available, and will pass safety and smog inspection.

**Fair Condition** - 18% of all cars we value. This car has some mechanical or cosmetic defects and needs servicing, but is still in safe running condition and has a clean title history. The paint, body and/or interior may need professional servicing. The tires may need replacing and there may be some repairable rust damage.

© 2019 Kelley Blue Book Co., Inc. All rights reserved. 11/15/2019-11/21/2019 Edition for California 92260. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.19112)

**Tip:**
It's crucial to know your car's true condition when you sell it, so that you can price it appropriately. Consider having your mechanic give you an objective report.

Advertisement

# 2017 INFINITI Q70
# Pricing Report



**Style:** L 3.7 Sedan 4D
**Mileage:** 47,000

### Sell To Private Party



Private Party Range
**$25,418 - $28,361**
Private Party Value
**$26,890**

## Vehicle Highlights

Fuel Economy:
City 18/Hwy 25/Comb 21 MPG

Max Seating: 5

Doors: 4

Engine: V6, 3.7 Liter

Drivetrain: RWD

Transmission: Auto, 7-Spd Manual

EPA Class: Midsize Cars

Body Style: Sedan

Country of Origin: Japan

Country of Assembly: Japan

Valid for ZIP Code 92260 through 11/19/2019

## Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

### Engine
V6, 3.7 Liter

### Transmission
Auto, 7-Spd Manual

### Drivetrain
RWD

### Accessory Packages
Premium Pkg
Remote Trunk Release

### Braking and Traction
Hill Start Assist Control
Traction Control
Vehicle Dynamic Control
ABS (4-Wheel)

### Comfort and Convenience
Alarm System
Keyless Entry
Keyless Start
Air Conditioning
Power Windows
Power Door Locks
Cruise Control

### Steering
Power Steering
Tilt & Telescoping Wheel

### Entertainment and Instrumentation
AM/FM Stereo
CD/MP3 (Single Disc)
Bose Premium Sound
SiriusXM Satellite
Navigation System
Bluetooth Wireless

### Safety and Security
F&R Parking Sensors
Backup Camera
Around View Monitor
Dual Air Bags
Side Air Bags
F&R Head Curtain Air Bags

### Seats
Heated Seats
Cooled Seats
Dual Power Seats
Leather

### Roof and Glass
Moon Roof

### Lighting
LED Headlamps

### Exterior
Fog Lights

| Wheels and Tires | Exterior color |
| --- | --- |
| Alloy Wheels | ✓ Black |

# Glossary of Terms

**Kelley Blue Book® Trade-in Value** - This is the amount you can expect to receive when you trade in your car to a dealer. This value is determined based on the style, condition, mileage and options indicated.

**Trade-In Range** - The Trade-In Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week based on the style, condition, mileage and options of your vehicle when you trade it in to a dealer. However, every dealer is different and values are not guaranteed.

**Kelley Blue Book® Private Party Value** - This is the starting point for negotiation of a used-car sale between a private buyer and seller. This is an "as is" value that does not include any warranties. The final price depends on the car's actual condition and local market factors.

**Private Party Range** - The Private Party Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week for a vehicle with stated mileage in the selected condition and configured with your selected options, excluding taxes, title and fees when selling to a private party.

**Excellent Condition** - 3% of all cars we value. This car looks new and is in excellent mechanical condition. It has never had paint or bodywork and has an interior and body free of wear and visible defects. The car is rust-free and does not need reconditioning. Its clean engine compartment is free of fluid leaks. It also has a clean title history, has complete and verifiable service records and will pass safety and smog inspection.

**Very Good Condition** - 23% of all cars we value. This car has minor wear or visible defects on the body and interior but is in excellent mechanical condition, requiring only minimal reconditioning. It has little to no paint and bodywork and is free of rust. Its clean engine compartment is free of fluid leaks. The tires match and have 75% or more of tread. It also has a clean title history, with most service records available, and will pass safety and smog inspection.

**Good Condition** - 54% of all cars we value. This car is free of major mechanical problems but may need some reconditioning. Its paint and bodywork may require minor touch-ups, with repairable cosmetic defects, and its engine compartment may have minor leaks. There are minor body scratches or dings and minor interior blemishes, but no rust. The tires match and have 50% or more of tread. It also has a clean title history, with some service records available, and will pass safety and smog inspection.

**Fair Condition** - 18% of all cars we value. This car has some mechanical or cosmetic defects and needs servicing, but is still in safe running condition and has a clean title history. The paint, body and/or interior may need professional servicing. The tires may need replacing and there may be some repairable rust damage.

© 2019 Kelley Blue Book Co., Inc. All rights reserved. 11/15/2019-11/21/2019 Edition for California 92260. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.19112)

Tip:
It's crucial to know your car's true condition when you sell it, so that you can price it appropriately. Consider having your mechanic give you an objective report.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**74361 Highway 111, Suite 7**
**Palm Desert, CA 92260**

A true and correct copy of the foregoing document entitled (*specify*):    **DEBTOR'S NOTICE OF (1) 11 U.S.C. SECTION 341(a)**
**MEETING OF CREDITORS, AND (2) HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MODIFICATION OF SECURED**
**CLAIM(S) BY PLAN, WITH COPY OF CHAPTER 13 PLAN**    will be served or was served **(a)** on the judge in chambers in the form
and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On  **11/19/19**  , I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

**Rod Danielson (TR): notice-efile@rodan13.com**

**United States Trustee (RS) : ustpregion16.rs.ecf@usdoj.gov**

**Valerie Smith on behalf of Interested Party Courtesy NEF : claims@recoverycorp.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **11/19/19**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours
after the document is filed.

**The Honorable Judge Mark Houle**
**USBC - Central District of California**
**3420 Twelfth Street, Crtrm. 303**
**Riverside, California 92501**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be</u>
<u>completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **November 19, 2019** | **Christopher Hewitt, Esq. 236568** | /s/ Christopher Hewitt, Esq. |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                                                   Page 6            **F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM**

## ADDITIONAL SERVICE LIST FOR USE WITH EXHIBIT B

**SERVED BY U.S. MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
*(Attached page to Proof of Service of Document-include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| 1st lienholder (name and address) **Officer/Director/Agent Infiniti Financial Services 8900 Freeport Parkway Irving, TX 75063** | Address from: ☐ Proof of claim ☐ FDIC website X  CA Secretary of State | Delivery method: ☐ United States mail ☑ Certified mail   Tracking #  **70190140000109529758** ☐ Overnight mail   Tracking #   Carrier Name: |
| --- | --- | --- |
| 1st lienholder (name) and Agent for Service of Process (name and address) **Infiniti Financial Services c/o CSC- Lawyers Inc Service 2710 Gateway Oaks Drive, #150N Sacramento, CA 95833** | Address from: ☐ Proof of claim ☐ FDIC website X  CA Secretary of State | Delivery method: ☐ United States mail ☑ Certified mail   Tracking #  **70190140000109529741** ☐ Overnight mail   Tracking #   Carrier Name: |
| 1st lienholder (name) and Servicing Agent (name and address) | Address from: ☐ Proof of claim ☐ FDIC website | Delivery method: ☐ United States mail ☐ Certified mail   Tracking # ☐ Overnight mail   Tracking #   Carrier Name: |
| 2nd lienholder (name and address) | Address from: ☐ Proof of claim ☐ FDIC website | Delivery method: ☐ United States mail ☐ Certified mail   Tracking # ☐ Overnight mail   Tracking #   Carrier Name: |
| 2nd lienholder (name) and Agent for Service of Process (name and address) | Address from: ☐ Proof of claim ☐ FDIC website | Delivery method: ☐ United States mail ☐ Certified mail   Tracking # ☐ Overnight mail   Tracking #   Carrier Name: |
| 2nd lienholder (name) and Servicing Agent (name and address) | Address from: ☐ Proof of claim ☐ FDIC website | Delivery method: ☐ United States mail ☐ Certified mail   Tracking # ☐ Overnight mail   Tracking #   Carrier Name: |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                              Page 7      **F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM**

| 3rd lienholder (name and address) | Address from:<br>☐ Proof of claim<br>☐ FDIC website | Delivery method:<br>☐ United States mail<br>☐ Certified mail<br>Tracking # _____<br>☐ Overnight mail<br>Tracking # _____<br>Carrier Name: _____ |
| 3rd lienholder (name) and Agent for Service of Process (name and address) | Address from:<br>☐ Proof of claim<br>☐ FDIC website | Delivery method:<br>☐ United States mail<br>☐ Certified mail<br>Tracking # _____<br>☐ Overnight mail<br>Tracking # _____<br>Carrier Name: _____ |
| 3rd lienholder (name) and Servicing Agent (name and address) | Address from:<br>☐ Proof of claim<br>☐ FDIC website | Delivery method:<br>☐ United States mail<br>☐ Certified mail<br>Tracking # _____<br>☐ Overnight mail<br>Tracking # _____<br>Carrier Name: _____ |
| Alternative/additional addresses (name and address) | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery method:<br>☐ United States mail<br>☐ Certified mail<br>Tracking # _____<br>☐ Overnight mail<br>Tracking # _____<br>Carrier Name: _____ |
| Alternative/additional addresses (name and address) | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery method:<br>☐ United States mail<br>☐ Certified mail<br>Tracking # _____<br>☐ Overnight mail<br>Tracking # _____<br>Carrier Name: _____ |
| Alternative/additional addresses (name and address) | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery method:<br>☐ United States mail<br>☐ Certified mail<br>Tracking # _____<br>☐ Overnight mail<br>Tracking # _____<br>Carrier Name: _____ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2017                     Page 8          F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM

Attachment to Proof of Service:  By Mail

Alexis Dennis
9881 Oakmount Blvd
Desert Hot Springs, CA 92240

Ally Financial
Attn: Bankruptcy Dept
Po Box 380901
Bloomington, MN 55438

AmeriHome Mortgage
1 Baxter Way
Suite 300
Thousand Oaks, CA 91362

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998

Caliber Home Loans
Attn: Cash Operations
Po Box 24330
Oklahoma City, OK 73124

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Capital One Auto Finance
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Citibank
Attn: Recovery/Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179

Coachella Val Col Sv
Attn: Bankruptcy
75108 Gerald Ford Dr, Ste 1
Palm Desert, CA 92200

Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Comenitycapital/forev2
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Complete Payment Recovery Services
PO Box 30184
Tampa, FL 33630

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

Desert Dunes Animal Hospital
c/o Wood, Smith, Henning & Berman
21804 Cactus Ave., #200
Riverside, CA 92518

Desert Dunes Animal Hospital, Inc.
42430 Washington St,
Bermuda Dunes, CA 92203

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850

Equiant/Thousand Trails
Attn: Bankruptcy
5401 N Pima Rd, Ste 150
Scottsdale, AZ 85250

Fingerhut
Attn: Bankruptcy
Po Box 1250
Saint Cloud, MN 56395

First PREMIER Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117

Genesis Bankcard Services
Attn: Bankruptcy Department
Po Box 4477
Beaverton, OR 97076

Infiniti Financial Services

Attn: Bankruptcy
Po Box 660360
Dallas, TX 75266

Infiniti Palm Springs
67615 East Palm Canyon Drive
Cathedral City, CA 92234

La Loma Fed Credit Uni
26151 Mayberry St
Bryn Mawr, CA 92318

LaLoma Federal CU
c/o Law Office of Charles Pernice
260 Newport Center Dr. #100
Newport Beach, CA 92660

Matt H. Morris, Esq.
47040 Washington Street #3201
La Quinta, CA 92253

Mercury/FBT
Attn: Bankruptcy
Po Box 84064
Columbus, GA 31908

Merrick Bank/CardWorks
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804

Mission Lakes Country club
8484 Clubhouse blvd
Desert Hot Springs, CA 92240

Mountain view country
PO BOX 80137
City of Industry, CA 91716

Navy FCU
Attn: Bankruptcy Dept
Po Box 3000
Merrifield, VA 22119

Penn Credit
PO Box 69703
Harrisburg, PA 17106

PHH Mortgage Servicing
Attn: Bankruptcy Department

Po Box 5452
Mount Laurel, NJ 08054

Randys Auto Sales
10993 S Central Ave
Ontario, CA 91762

Syncb/HSN
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Syncb/Polaris Consumer
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Syncb/walmart

Synchrony Bank/ JC Penneys
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896

Synchrony Bank/Amazon
Po Box 965015
Orlando, FL 32896

Synchrony Bank/Chevron
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

Synchrony Bank/Lowes
Attn:  Bankruptcy
Po Box 965060
Orlando, FL 32896

Target Corporation Recovery Service
PO Box 30171
Tampa, FL 33633

Xavier College Prep High School
34200 Cook Street
Palm Desert, CA 92211